IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTIAN BALO, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.                                          Civ. No. 16-0091 KG/SMV

PASON SYSTEMS USA CORP.,

    Defendant.

MEMORANDUM OPINION AND ORDER OF TRANSFER

This matter comes before the Court upon Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, Motion to Stay (Motion to Transfer Venue or to Stay), filed April 18, 2016. (Doc. 9). Defendant seeks to either transfer venue to the United States District Court for the Southern District of Texas, Houston Division, or, in the alternative, to stay this case until the court in the Southern District of Texas, Houston Division, resolves the *Ratliff v. Pason Systems USA Corp.* and *Ricalo v. Pason Systems USA Corp.* lawsuits. Plaintiff filed a response on May 2, 2016, in which he opposes the request for transfer of venue, but does not argue against a stay. (Doc. 16). Defendant filed a reply on May 31, 2016, and on September 6, 2016, Defendant filed a Response to Plaintiff's Notice of Intent to Pursue Individual Claims Only, in which Defendant reiterates its request to transfer venue or, in the alternative, to stay this case. (Docs. 21 and 29). Having considered the Motion to Transfer Venue or to Stay and the accompanying briefing, the Court grants Defendant's request to transfer this lawsuit to the the Southern District of Texas, Houston Division.

*A. Background*

   *1. Procedural History*

Plaintiff filed his First Amended Complaint the same day Defendant filed its Motion to Transfer Venue or to Stay. (Doc. 8). In the First Amended Complaint, Plaintiff brings a collective class action alleging "that Defendant failed and refused to pay Plaintiff, and all others similarly situated, the proper overtime pay for time worked in excess of 40 hours per week in violation of the Fair Labor Standards Act ('FLSA'), 29 U.S.C. § 201, Et. Seq." *Id.* at ¶ 1. Plaintiff alleges that the proposed FLSA class consists of persons who "are Defendant's field services sales technicians [FSSTs] who install auto driller systems on the oil and gas rigs, perform preventive maintenance, and upgrade various equipment on the rigs at the instruction of Pason's main office." *Id.* at ¶ 17. Six individuals have consented to join, or opt-in to, this lawsuit, as amended by Plaintiff. (Docs. 8-2, 8-3, 8-4, 8-5, 10, and 26).

Plaintiff then filed Plaintiff's Opposed Motion and Supporting Brief to Conditionally Certify FLSA Collective Action and Authorize Notice (Doc. 11). Plaintiff, however, since has withdrawn that motion and states that he and the opt-in Plaintiffs will not pursue a collective FLSA collective action, but instead will pursue this lawsuit in their individual capacities. (Doc. 27). To date, Plaintiff has not sought to file a second amended complaint to reflect a lawsuit brought by Plaintiff and the opt-in Plaintiffs in their individual capacities.

   *2. Facts Relevant to Transfer of Venue or to Stay*

Defendant is a corporation organized under the laws of Colorado with its principal place of business in Golden, Colorado. (Doc. 9-1) at ¶ 5. Defendant has an office in Houston, Texas, and a subsidiary office located in Austin, Texas. *Id.* at ¶ 6. Defendant employs 105 people in Texas. *Id.* at ¶ 7. In the next few months, Defendant will be relocating its human resources

department from Golden to Houston along with "FFST personnel files and employment records, Pason's policies and procedures, FSST training materials, job descriptions, payroll records, and time-keeping records." *Id.* at ¶¶ 9 and 11. Although Defendant has customers in New Mexico, Defendant does not have an office in New Mexico. *Id.* at ¶¶ 12 and 13; (Doc. 21-1) at ¶¶ 5-6. Plaintiff's supervisor lived in Fort Worth, Texas; Midland-Odessa, Texas; and Lubbock, Texas, during the time he supervised Plaintiff. (Doc. 21-1) at ¶¶ 3 and 4. That supervisor currently resides in Lubbock. *Id.* In addition, Todd Taussig, who promoted Plaintiff to an Intermediate FSST, works in Houston. (Doc. 9-1) at ¶ 16.

Plaintiff resided in Lubbock while employed by Defendant and still resides in Lubbock. *Id.* at ¶ 17. Also, Defendant electronically deposited Plaintiff's paychecks in a Lubbock bank. *Id.* at ¶18. Plaintiff's work involved sales and servicing of Defendant's equipment in both New Mexico and Texas. *Id.* at ¶¶ 19 and 20. Plaintiff did not operate out of an office, but rather operated from his home in Lubbock and would travel to customer sites in New Mexico and Texas. *Id.* at ¶ 21.

Four of the opt-in Plaintiffs worked for Defendant in both New Mexico and Texas. (Doc. 11-1) at 20 ¶ 3, 24 ¶ 3, 28 ¶ 3, and 32 ¶ 3. Two of the opt-in Plaintiffs live in Big Springs, Texas while three of them live in eastern New Mexico. (Doc. 16) at 5 n.5. According to Plaintiff, all of the opt-in Plaintiffs live closer to Las Cruces, New Mexico, than to Houston. *Id.* at 5.

The *Ratliff* case, an almost identical FLSA collective action lawsuit against Defendant, is currently pending in the Southern District of Texas, Houston Division. The Houston court entered an order on June 23, 2016, granting conditional certification of the *Ratliff* class. (Doc. 29-3). The plaintiff in *Ratliff*, as in this lawsuit, alleges that Defendant violated the FLSA by denying its FSSTs overtime compensation. (Doc. 9-2) at ¶ 6. Defendant plans to bring the same

defense in both *Ratliff* and this lawsuit, namely that the "trained FSSTs were outside salespersons exempt from the FLSA's overtime compensation requirements." *Id.* at ¶ 8. Defendant also plans to call the same employee-witnesses in each case. Those witnesses are located in Golden and Denver, Colorado; Dallas, Houston, and Midland-Odessa, Texas; Oklahoma City, Oklahoma; and Canada. *Id.* at ¶¶ 10 and 11. Unlike this case, discovery has already begun in the *Ratliff* lawsuit. *Id.* at ¶ 9. Defendant further contends that employment and payroll documents relevant to the *Ratliff* lawsuit will be relevant to this case. *Id.* at ¶ 13.

The Court notes that another FSST filed the *Ricalo* case, a similar FLSA overtime wage claim case against Defendant, in the United States District Court for the Northern District of Texas, Abilene Division. The Abilene Division court recently transferred the *Ricalo* case to the Southern District of Texas, Houston Division. (Doc. 29-2). Defendant anticipates filing a motion to consolidate that case with *Ratliff*. (Doc. 29) at 3.

Plaintiff notes that the distance between his home in Lubbock to Las Cruces is 349 miles while the distance from Lubbock to Houston is 521 miles. (Docs. 16-2 and 16-3). Plaintiff further notes that Las Cruces is closer than Houston for witnesses traveling from Colorado and Midland-Odessa. (Doc. 16-4) at 1-4, 9-10. However, Houston is closer than Las Cruces for witnesses traveling from Oklahoma and Dallas. (Docs. 16-4) at 5-8.

Caseload statistics indicate that the Southern District of Texas has 635 pending civil cases per judge, 549 weighted civil case filings per judge, a median time of 7.2 months to dispose of a civil case, and a median time of 21.3 months to try a civil case. (Doc. 21-2) at 2. The District of New Mexico has only 406 pending civil cases per judge, but has 586 weighted civil case filings per judge, a median time of 11.2 months to dispose of a civil case, and a median time of 27.4 months to try a civil case. *Id.* at 3.

*B. Discussion*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). A district court enjoys greater discretion to transfer a case under Section 1404(a) than to dismiss the action based upon *forum non conveniens*. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A court should decide motions to transfer on an individualized, case-by-case basis. *Id.* at 1516. Under Section 1404(a), "[t]he party moving to transfer a case … bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515. In considering a motion to transfer venue, the court should consider the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). Unless the balance of interests "is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Scheidt*, 956 F.2d at 965 (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

5

*1. Venue in the Southern District of Texas*

Defendant argues that Plaintiff could have brought this lawsuit in the Southern District of Texas, Houston Division, under the venue statute, 28 U.S.C. § 1391(b)(1).  Plaintiff argues that he could not have brought this lawsuit in the Southern District of Texas under either Section 1391(b)(1) or Section 1391(b)(2).  Under Section 1391(b)(1), venue is proper in the judicial district where the defendant resides.  A corporation resides in a "judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…." *Id.* at § 1391(c)(2).  Plaintiff contends that Defendant does not reside in the Southern District of Texas, because (1) it has an office in New Mexico from which Plaintiff allegedly received instructions from his supervisors, and (2) Defendant admitted in its answer that it engaged in business in New Mexico.

Plaintiff's contentions fail for several reasons.  First, Plaintiff does not submit evidence that Defendant had, or has, an office in New Mexico, or that Plaintiff's supervisors resided in New Mexico.  To the contrary, Defendant has presented credible evidence that it did not have, nor currently has, a New Mexico office, and that Defendant's supervisor did not reside in New Mexico.  Next, although Defendant admitted in its answer that it "has engaged in business within the District of New Mexico," Plaintiff, himself, admits he worked for Defendant in Texas as well.  (Docs. 15) at ¶ 3; (Doc. 16) at 3.  Defendant has also presented evidence that it maintains an office in Houston and will be relocating its Colorado human resources office to Houston in the next few months.  From this evidence, the Court concludes that Defendant would be subject to personal jurisdiction in the Southern District of Texas, Houston Division, and that Plaintiff could, therefore, have brought this lawsuit in the Houston Division.

The Court notes that Plaintiff's argument under Section 1391(b)(2), wherein venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," seeks to establish that venue was proper in New Mexico, not that venue would be improper in the Southern District of Texas, Houston Division. If anything, Section 1391(b)(2) supports a finding that a Texas venue would be proper. As noted above, Plaintiff worked in Texas, his supervisor was located in Texas, and Defendant has an office in Houston. In fact, credible evidence indicates that Plaintiff lived, and continues to live, in Texas, received his paycheck in Texas, and operated out of his home in Texas while employed by Defendant.

   *2. The Interest of Justice*

The "interest of justice" issue is a separate component of the transfer analysis that relates to the efficient administration of the court system. *Arizona & New Mexico Coal. of Ctys. for Econ. Growth v. United States Fish & Wildlife Serv.*, 2015 WL 9917341, at *4 (D.N.M.) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 626–27 (1964)). The interest of justice component "is concerned with both judicial efficiency and the avoidance of conflict between coordinate courts." *Id.* (citations omitted). At times, "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* (quoting *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010)). Although a plaintiff's choice of forum is generally afforded deference, that deference could "lose its significance entirely" if a case involves "two identical suits in distinct venues...." *Id.* (quoting *Research Automation, Inc.*, 626 F.3d at 979).

Defendant argues that the interest of justice should trump Plaintiff's choice of forum. Defendant observes that this case is practically identical to the Houston *Ratliff* and *Ricalo* cases. Defendant contends that if the Court transfers this case to the Houston Division it would be

7

possible, for instance, to coordinate discovery among the three cases and, thereby, avoid the risk of inconsistent results as well as an unnecessary duplicative expenditure of time and expense. *See Chem. Specialties, Inc. v. Osmose, Inc.*, 2006 WL 237014, at *3 (S.D. Tex.) (coordinated discovery in one forum would reduce costs). Defendant further notes that Plaintiff and the other opt-in Plaintiffs can actually opt in to the *Ratliff* class.

Plaintiff, on the other hand, argues that this case has "progressed further along than the *Ratliff* litigation, which weighs in favor of the case proceeding within this District." (Doc. 16) at 3. Plaintiff further asserts that since he is seeking a class certification the plaintiffs in *Ratliff* could opt into this lawsuit. Plaintiff also contends that "he performed the bulk of his work for Defendant" in New Mexico. *Id.* at 4. These arguments, however, lack merit.

First, discovery has already begun in the *Ratliff* case while discovery has not yet commenced in this case. The *Ratliff* lawsuit has, therefore, progressed further than this lawsuit. Second, the court in *Ratliff* has now conditionally certified the class. In contrast, Plaintiff has actually decided not to pursue a collective action. Consequently, the *Ratliff* plaintiffs could not opt in to this lawsuit, but Plaintiff and the opt-in Plaintiffs could opt in to the *Ratliff* case. Finally, although Plaintiff may have mostly worked in New Mexico, he also worked in Texas and Defendant's decisions concerning Plaintiff's compensation, and even Defendant's payment of wages to Plaintiff, occurred outside of New Mexico. The Court finds Defendant's interest of justice argument to be persuasive and that the interest of justice favors a transfer of venue.

    *3. Convenience Factors Significant to this Case*

        *a. Plaintiff's Choice of Forum*

Defendant correctly observes that Plaintiff's choice of forum is accorded less deference, because he does not live in the District of New Mexico, the forum where he filed this lawsuit.

8

*See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010). Plaintiff, nevertheless, argues that it would be inconvenient for him to travel from Lubbock to Houston, which is 172 miles farther than Las Cruces. If traveling by car, Plaintiff will have to drive a substantial distance to get to either Houston or Las Cruces. An additional 172 miles to travel to Houston, while not insignificant, does not amount to much of an inconvenience when one considers Plaintiff would still have to travel approximately 350 miles to Las Cruces. The Court further notes that the time to travel by air from Lubbock to either Las Cruces or Houston would probably be comparable. *See Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("easy air transportation" eases burden in litigating matters in distance places). Plaintiff's choice of forum is, thus, not a particularly strong factor in favor of keeping this lawsuit in the District of New Mexico.

### b. Accessibility of Witnesses and Other Proof

Defendant asserts that because it plans to call the same employee-witnesses in both this case and in *Ratliff*, it would be more convenient for the witnesses to appear in one forum, Houston. Moreover, Defendant notes that three of Defendant's witnesses are located in Texas while none of them are located in New Mexico. Plaintiff argues, as before, that traveling to Houston would be inconvenient to him. He further argues that although Defendant's witnesses do not reside in New Mexico only those from Dallas and Oklahoma City are closer to Houston than to Las Cruces. Additionally, Plaintiff notes that three of the opt-in Plaintiffs live in New Mexico and that all of the opt-in Plaintiffs live closer to Las Cruces than to Houston.

As discussed previously, any inconvenience Plaintiff may suffer in traveling to Houston is either not very significant if he travels by car, or is of *de minimus* or no significance if he travels by air. Admittedly, some of Defendant's witnesses would be more inconvenienced by

9

having to drive to Houston than to Las Cruces, albeit, driving to Las Cruces would, nonetheless, be burdensome considering the distances at issue.  However, if one considers traveling to Houston by air, that inconvenience is drastically reduced.  Additionally, if discovery, such as depositions, could be coordinated in Houston, Defendant's witnesses would save time and expense by traveling to Houston once as opposed to traveling to Houston as well as to New Mexico.  With respect to the opt-in Plaintiffs, Plaintiff has not yet amended his First Amended Complaint to reflect the opt-in Plaintiffs as Plaintiffs in their individual capacities.  Hence, the Court does not consider their inconvenience.

Defendant also asserts that it is relocating most of the relevant documents from Colorado to Houston.  Plaintiff observes that Defendant does not indicate when this relocation will occur, and that, if the documents are electronically stored, then the physical location of the documents is not paramount.  *See Bd. of Trustees, Sheet Metal Workers' Nat. Pension*, 212 F.3d at 1037 ("rapid transmission of documents" lessens inconvenience of litigating cases at a distance).  These observations are well-taken.  The Court, however, concludes that, if traveling by car, the convenience of at least three of Defendant's witnesses, those from Oklahoma City, Dallas, and Houston, favors a transfer to the Southern District of Texas, Houston Division.

### c. Court Congestion

In addition, Defendant contends that less court congestion in the Southern District of Texas than in the District of New Mexico favors a transfer of venue to the Southern District of Texas.  "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Employers Mut. Cas. Co.*, 618 F.3d at 1169.  Here, although the District of New Mexico has fewer pending civil cases per judge than

judges in the Southern District of Texas, the District of New Mexico has more weighted filings per judge which result in a longer time to dispose of civil cases than in the Southern District of Texas. The court congestion factor, therefore, favors a transfer to a less congested court, the Southern District of Texas.

### d. Local Interest

Defendant further argues that a local interest favors a transfer of venue to the Southern District of Texas, Houston Division. A local interest includes an "interest in having localized controversies decided at home." *Bailey v. Union Pac. R. R. Co.*, 364 F.Supp.2d 1227, 1233 (D. Colo. 2005) (quoted in *Employers Mut. Cas. Co.*, 618 F.3d at 1170). Defendant asserts that although it has customers in New Mexico, Defendant also has customers in Texas, employs 105 people in Texas, has an office in Houston, is relocating its Colorado human resources office to Houston, and it is already defending two similar cases in Houston. Plaintiff contends that the local interest factor does not favor a transfer of venue, because three of the opt-in Plaintiffs are New Mexico residents and no Texas law will need to be decided in this federal question case. As discussed above, since Plaintiff has not amended the First Amended Complaint to include the opt-in Plaintiffs in their individual capacities, the Court is reluctant to assess their interest in keeping this lawsuit in New Mexico. Nonetheless, two of the opt-in Plaintiffs live in Texas and at least four of the opt-in Plaintiffs also worked in Texas. (Doc. 11-1) at 20 ¶ 3, 24 ¶ 3, 28 ¶ 3, and 32 ¶ 3. Finally, a local interest is not restricted to an interest in deciding local law and more broadly covers "localized controversies." In this case, considering the abundant Texas connections as well as specific Houston connections, there is a local interest in trying this case in the Southern District of Texas, Houston Division.

*4. Balance of Interests*

Balancing the above interests, the Court concludes that those interests strongly favor disturbing Plaintiff's choice of forum. Defendant has, thus, satisfied its burden of demonstrating that the District of New Mexico is an inconvenient forum and that this matter should be transferred to the Southern District of Texas, Houston Division. Having determined that a transfer of venue is appropriate, the Court need not address whether to stay this case pending resolution of the Houston cases.

IT IS ORDERED that

1. Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, Motion to Stay (Doc. 9) is granted in that venue will be transferred; and

2. the Clerk of the Court will transfer this case to the United States District Court for the Southern District of Texas, Houston Division.

_____
UNITED STATES DISTRICT JUDGE